UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON ROGERS,

    Petitioner,

v.       Case No. 2:05-cv-120
    HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed this petition for writ of habeas corpus challenging the validity of his state court conviction for armed robbery. Petitioner was sentenced to 22 to 35 years imprisonment on March 9, 2001. Petitioner's appeal was denied by the Michigan Court of Appeals on May 8, 2003, and by the Michigan Supreme Court on November 24, 2003. Petitioner's 90 day period in which he could have filed a petition for writ of certiorari ended on February 24, 2004.

On April 22, 2004, Petitioner filed a "motion to remand for a Ginther Hearing," citing MCR 7.211(c)(1) in the trial court. The trial court denied the motion on May 24, 2004. Petitioner did not file an appeal of this order. Petitioner filed the instant petition for habeas corpus relief on May 13, 2005, and dated the petition "April 8, 2005."

Respondent has filed a motion for summary judgment, asserting that Petitioner's application for habeas corpus relief is barred by the statute of limitations. In the opinion of the undersigned, Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act , P∪B. L. N₀. 104-132, 110 S∪TAT. 1214 (AEDPA). The one-year period of

limitation provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest ofS
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition if it appears that the state has been prejudiced in its ability to respond to the petition by delay in filing unless the petitioner showed that the petition was based on grounds that he could not have known before the circumstances prejudicial to the state occurred.

review or the expiration of the time for seeking such review." According to Petitioner's application, his direct appeal was concluded on November 24, 2003, when the Michigan Supreme Court denied his appeal. The statute of limitations began to run 90 days later on February 24, 2004. Petitioner filed a "Motion to Remand for Ginther Hearing" on April 22, 2004, 58 days after the statute of limitations began to run. Petitioner's motion was denied on May 24, 2004, at which point the statute began running again.[2] At this point, Petitioner had 307 days remaining in the statute of limitations. Therefore, the one-year statute of limitations ran on April 5, 2005. Petitioner took no further action until he filed the instant habeas corpus petition on May 13, 2005. The petition is dated "April 8, 2005." Therefore, even under the scenario most favorable to Petitioner, it is clear that the application for habeas corpus relief is barred by the statute of limitations.

In summary, the undersigned concludes that Petitioner's claims are barred by the applicable statute of limitations and therefore recommends that this Court grant Respondent's motion for summary judgment.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief because Petitioner has failed to make a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983); *Alexander v. Harris*, 595 F.2d 87, 91 (2d Cir. 1979).

---

[2] Assuming that the motion to remand was properly filed, it would have tolled the running of the statute of limitations during time that it was pending in state court. Respondent contends that the motion was not properly filed because the trial court did not have jurisdiction to consider the motion under MCR 7.211, which governs practice in the Michigan Court of Appeals. Respondent also states that the motion to remand was untimely pursuant to MCR 7.211(C)(1). However, this issue need not be resolved in this case, because Petitioner is barred by the statute of limitations under either scenario.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 6, 2006